**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2748
_____

PHILLIP REHWALD,
                                    Appellant

v.

SCI GREENE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-00044)
District Judge:  Honorable Cathy Bissoon

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 16, 2025

Before: BIBAS, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: May 8, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

In January 2024, Phillip Rehwald, who at the time was a Pennsylvania state prisoner, commenced a pro se civil-rights action in the District Court.[1] In July 2024, a United States Magistrate Judge, after considering the six factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), recommended that the District Court dismiss the case for failure to prosecute. The basis for that recommendation was that Rehwald had failed to comply with three deficiency orders that had previously been entered in the case. On July 25, 2024, the District Court adopted that recommendation and dismissed the case. This timely appeal followed.[2]

Rehwald's appellate brief is not a model of clarity. But even liberally construed, it does not meaningfully challenge the District Court's decision.[3] As a result, we deem any such challenge forfeited. See Kars 4 Kids Inc. v. Am. Can!, 98 F.4th 436, 452 (3d Cir. 2024) ("[A]rguments not raised in a party's opening brief are generally deemed forfeited."); Geness v. Cox, 902 F.3d 344, 355 (3d Cir. 2018) ("[I]t is well settled that a

---

[1] Rehwald has since been released from custody.

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. See Wynder v. McMahon, 360 F.3d 73, 76 (2d Cir. 2004).

[3] Instead, the brief seems to focus on various unrelated issues, including complaints about the resolution of his criminal case.

passing reference to an issue will not suffice to bring that issue before this [C]ourt."

(internal quotation marks omitted)).  We thus will affirm the District Court's judgment.[4]

---

[4] Rehwald's "Motion for Concomitant 'Critical Stage' IFP Counsel" is denied.  That motion, which he filed after briefing, does not establish that appointment of counsel is warranted in this appeal.  See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).  Rehwald's "Motion for Procedural Default Judgement & for Summary Judgement" is denied, too, as is his "Motion for Service of all Notices/Orders in All [His] Pending Appeal[s] in 3C."